UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HAGERTY GROUP, LLC,

Plaintiff,

v. Case No. 1:18-CV-6

KEVIN EVERAGE and
CLUB STACKS APPAREL CO, LLC, HON. GORDON J. QUIST

Defendants.
_______________________________/

**OPINION AND ORDER REGARDING**
**DEFENDANT'S MOTION TO SET ASIDE DEFAULT**

This is a trademark case brought by The Hagerty Group (Hagerty) against Kevin Everage (Everage) and Club Stacks Apparel Co., LLC. Everage is the sole and managing member of Club Stacks. Everage's father, Joel Everage, is listed as Club Stacks' registered agent. Hagerty filed this suit on January 3, 2018. Club Stacks was served on January 8, 2018—the process server served the summons on Bernice Everage, Everage's mother and the Joel's wife and co-resident at Joel's listed address. Club Stacks' answer or response was due January 29, 2018. Fed. R. Civ. P. 12. Club Stacks did not answer or respond. Hagerty filed an application for entry of default on February 19, 2018. (ECF No. 10.) The clerk accordingly entered a default as to Club Stacks on February 20, 2018. (ECF No. 11.)

Hagerty was unable to serve Everage individually. On January 8, 2018, the day Hagerty served Club Stacks, Hagerty's counsel emailed Everage requesting a waiver of service as to him individually given its difficulty in serving him. (ECF No. 18-5.) Everage opened the email that

day (ECF No. 18-6) and responded to it four days later, accepting the waiver of service. (ECF Nos. 8 & 18-7.) The parties exchanged a number of emails and phone calls around January 22 and 23, 2018. (ECF Nos. 18-8, 18-9, 18-10.)

On March 27, 2018, Club Stacks filed a motion to set aside the February 20, 2018 default. (ECF No. 16.) Hagerty responded on April 10, 2018. (ECF No. 18.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) allows a district court to set aside an entry of default for good cause shown. The decision to do so is left to the Court's discretion. *See O.J. Distrib. Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 352 (6th Cir. 2004). The Court "enjoys considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant a defendant relief from a default entry." *Id.* at 353. In deciding a motion to set aside a clerk's entry of default, the Court is to consider three factors, whether: "(1) plaintiff will be prejudiced; (2) defendant has a meritorious defense; and (3) defendant's culpable conduct led to the default." *Marbly v. Dep't of Treasury*, 22 F. App'x 371, 372 (6th Cir. 2001) (citing, among others, *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990)). "Although these are the same factors considered by a court in deciding whether to set aside a default judgment, the factors should be applied more leniently to relieve a party from a procedural entry of default to reflect the strong preference for trial on the merits in federal courts." *Id.* (citing *Shepard Claims Serv., Inc. v. Willaim Darrah & Assocs.*, 796 F.2d 190, 193–94 (6th Cir. 1986)). "Where the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 195 (6th Cir. 1986).

**PREJUDICE TO PLAINTIFF**

The burden is on Hagerty to show prejudice. *See, e.g., INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). A defendant's delay in responding to a default favors the plaintiff. *Cf. Savin Corp. v. C.M.C. Corp.*, 98 F.R.D. 509, 511–12 (N.D. Ohio 1983). Filing an amended complaint can moot a plaintiff's opposition to a motion to set aside default, as an amended complaint implicitly acknowledges that a case against the defaulted defendant should proceed on the merits. *Aristocrat Techs., Inc. v. High Impact Design & Entm't*, 642 F. Supp. 2d 1228, 1233 (D. Nev. 2009). Plaintiffs typically argue prejudice in the form of "delay," which is a difficult and specific argument—and one Hagerty did not specifically make. *See, e.g., Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) (requiring a showing of loss of evidence, increased difficulties of discovery, or a greater opportunity for fraud and collusion). Hagerty argues, instead, that the change in circumstances since the default was entered, *i.e.*, Club Stacks' trademark maturing, prejudices Hagerty with the resulting shift in burden against it.

"Prejudice exists if circumstances have changed since entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable." *Accu-Weather, Inc. v. Reuters Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991) (citing *Int'l Bhd. of Elec. Workers v. Skaggs*, 130 F.R.D. 526, 529 (D.Del.1990)). "[T]he relevant inquiry concerns the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from the defendant's conduct." *Dassault*, 663 F.3d at 842. "[P]rejudice that resulted from past conduct . . . is irrelevant to the question whether to set aside the entry of the default." *Id.*

Club Stacks waited over a month to respond to the default, which weighs against it. It also submitted minimal argument, without legal support, regarding the prejudice factor. That being said, Hagerty has not carried its burden of showing prejudice. As the plaintiff did in *Aristocrat Technologies*, Hagerty filed an amended complaint after the motion to set aside default—which could, arguably, acknowledge that its case against Club Stacks should proceed on the merits.[1] (ECF No. 19.) Although Hagerty may suffer some prejudice because of the change in circumstances, the matured trademark was the result of Everage and Club Stacks' conduct occurring before the filing of this case, *i.e.*, Everage's filing 121 "intent to use" applications for his various "Club _____" t-shirts, including "Club Hagerty," on November 6, 2015. In other words, Hagerty has not shown that the maturation would not have occurred but for the default

**MERITORIOUS DEFENSE**

Club Stacks cites two reasons, attempting to show that it has a meritorious defense. First, citing Everage's declaration, Club Stacks submits that it was the first to make a *bona fide* use of the CLUB HAGERTY mark in commerce in connection with the sale of t-shirts. Second, the U.S. Patent and Trade Office issued Club Stacks a trademark registration number for the CLUB HAGERTY mark. Therefore, Club Stacks concludes, it has superior rights to the mark and thus a meritorious defense to Hagerty's "overblown claims." (ECF No. 16 at PageID.221.)

Hagerty responds, "when examined closely, it is evident that Everage knew of Hagerty, that Club Stacks' business model is that of a trademark squatter, and that Club Stacks' purported 'use' is not *bona fide* and merely to reserve a right in the mark." (ECF No. 18 at PageID.258.) Hagerty submits evidence that Everage likely knew of the Hagerty brand; Everage, and by extension Club Stacks, is a trademark squatter whose business model has resulted in a number of

[1] This fact is not as telling because Hagerty presumably amended in response to Everage's motion to dismiss.

rejected trademark registrations and, therefore, does not have a *bona fide* use; and Hagerty has used the HAGERTY mark for clothing since 1995—twenty-two years before Everage and Club Stacks.

"[T]he test is not whether a defense is likely to succeed on the merits; rather, the criterion is merely whether there is *some* possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default. Thus, even conclusory assertions may be sufficient to establish the hint of a suggestion needed to present a meritorious defense." *Dassault*, 663 F.3d at 843 (emphasis added) (internal quotation marks and citations omitted).

Therefore, although Club Stacks offers conclusory assertions without legal support, Club Stacks has at least established the "hint of a suggestion" necessary to satisfy the meritorious defense factor. *See, e.g.*, *Nobel Sys., Inc. v. Celartem, Inc.*, No. EDCV120877FMOOPX, 2013 WL 12147585, at *4 (C.D. Cal. July 22, 2013) (finding a "potentially meritorious defense" where, among other alleged defenses, defendant alleged it had superior rights in the mark).

**DEFENDANT'S CULPABILITY**

Club Stacks argues that it is not culpable because Everage did not immediately receive a copy of the Complaint, he spent a substantial amount of time investigating the factual and legal bases for Hagerty's claims, and he had difficulty finding counsel who were free of conflicts at the time Club Stacks was required to answer.

Hagerty cites the fact that Everage is a law student and former patent examiner to argue that he has no excuse for Club Stacks' lack of response. Hagerty cites the parties' communications and the nature of the service on Club Stacks and Everage in support of its argument that Club Stacks was culpable. Hagerty notes that "Club Stacks had knowledge of this lawsuit as early as January 8, 2018, [but] waited until March 27, 2018, or seventy-eight (78) days after being served

with the Complaint and fifty-seven (57) days after defaulting, to file a motion to set aside." (ECF No. 18 at PageID.256.)

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims*, 796 F.2d at 194. Proper service supports a showing that a defendant was culpable. *In re DaShiell*, 124 B.R. 242, 249 (Bankr. N.D. Ohio 1990). "Courts view with great skepticism a defendant's claim that it was unable to obtain counsel to defend the action." *Victoria's Secret Stores v. Artco Equip. Co.*, 194 F. Supp. 2d 704, 733 (S.D. Ohio 2002).

Club Stacks, via its sole member Everage, has not been diligent in defending this case. Club Stacks was properly served on January 8, 2018. Everage submits that he "was not able to review the complaint until . . . a week or more after service upon Club Stacks." (ECF No. 16-1 at PageID.227.) Even if the Court found this excuse persuasive, Club Stacks never filed a motion for an extension of time to answer, which courts routinely grant for good cause shown, or any other type of filing. Its first filing was the instant motion to set aside—seventy-eight days after Club Stacks was properly served.

Everage's excuse of spending a "substantial amount of time investigating the factual and legal bases" for Hagerty's claims is similarly without merit. Hagerty and Everage had been in contact prior to the suit regarding the trademark issue, so he was aware of the subject matter. Defendants in significantly more complicated cases regularly file timely answers. General research is no excuse for an untimely filing or, in Club Stacks' case, no filing at all. Likewise, the Court is very skeptical of Everage's claim that he "had some difficulty locating counsel who were free of a conflict of interest." (*Id.*) "If [Club Stacks] had in fact used due diligence from the time the complaint was filed, it should not have been difficult to find a competent lawyer in the entire

state of [Michigan] to enter an appearance." *Angelo Bros. Co. v. A & H Co.*, Case No. 96–2507, 1996 WL 571720, at *4 (E.D.Pa. Oct.7, 1996). "[Club Stacks'] conclusory assertions of good faith . . . fail to overcome the inferences of willfulness that arise from the defaulting party's failure to answer." *Victoria's Secret*, 194 F. Supp. 2d at 733 (citation omitted). Club Stacks' conduct, largely via Everage, indicates a reckless disregard for the effect of its conduct on judicial proceedings, and is therefore culpable for the conduct leading to the default.

## CONCLUSION

Because the Court finds that the first two requirements for relief favor Club Stacks, the Court is instructed to "grant the motion if [Club Stacks] offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Shepard Claims*, 796 F.2d at 195. The Court finds that Club Stacks has not done so. However, notwithstanding Club Stacks' culpable behavior, the Court will exercise its discretion and set aside the entry of default, particularly in light of the first two factors. Trials on the merits are strongly favored, *see, e.g.*, *Berthelsen*, 907 F.2d at 620, so Hagerty's claims against Club Stacks will proceed.

Therefore,

**IT IS HEREBY ORDERED** that Club Stacks' Motion to Set Aside the Default (ECF No. 16) is **GRANTED**, and the Entry of Default (ECF No. 11) is **VACATED**.

Defendant Club Stacks shall file an answer or other responsive pleading within **fourteen (14) days** of this Order.

Dated: May 22, 2018

/s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE