UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HAGERTY GROUP, LLC,

    Plaintiff,

v.                                                                         Case No. 1:18-CV-6

KEVIN EVERAGE and                                     HON. GORDON J. QUIST
CLUB STACKS APPAREL CO, LLC,

    Defendants.
_____/

## OPINION AND ORDER REGARDING DEFENDANTS'
## MOTION TO DISMISS

This is a trademark case brought by The Hagerty Group LLC (Hagerty) against Kevin Everage (Everage) and Club Stacks Apparel Co, LLC (Club Stacks). Everage is the sole and managing member of Club Stacks. On April 26, 2018, Everage filed a motion to dismiss Hagerty's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (ECF No. 27.) The matter is fully briefed.[1]

Everage asserts that he "does not have, and has never had sufficient minimum contacts with Michigan for a Michigan court to exercise personal jurisdiction over him." (ECF No. 27.) Everage lives in Nevada, and from there, registered the CLUB HAGERTY mark and sells t-shirts for sale on his <clubstacks.com> and <clubhagerty.com> websites. His t-shirts are largely stylized as "Club _____," such as "Club Hagerty." The only sale he has made through his websites was a Club Hagerty t-shirt to one of Hagerty's counsels in the course of this litigation. Hagerty,

---

[1] On May 22, 2018, the Court vacated an entry of default against Club Stacks (ECF No. 30), and on June 5, 2018, Club Stacks filed a motion for leave to join Everage's motion to dismiss. (ECF No. 32.) Because Club Stacks relies on Everages' brief alone, and does not present new arguments or require further briefing, that motion will be granted. The Court will consider Everage's original motion and reply brief as on behalf of both Everage and Club Stacks.

on the other hand, is the world's largest insurer of classic and exotic automobiles and is based in Traverse City, Michigan. Hagerty provides insurance and related services to residents across the United States, as well as Canada, the United Kingdom, and the European Union. It has additional offices in Colorado, Ontario, Canada, and Northamptonshire, United Kingdom.

## Standard of Review

"[P]ersonal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Mich. Coal. of Radioactive Materials Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). Where, as here, the Court decides a Rule 12(b)(2) motion to dismiss without an evidentiary hearing, the burden is on the plaintiff to make a *prima facie* showing of personal jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002).

Whether personal jurisdiction exists under Michigan's long-arm statute and the Due Process Clause of the Fourteenth Amendment is, in short, one question. *See Sports Auth. Mich., Inc. v. Justballs, Inc.*, 97 F. Supp. 2d 806, 810 (E.D. Mich. 2000). A defendant must have "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945) (internal quotation marks and citation omitted).

Specific personal jurisdiction[2] turns on whether "the defendant's conduct and connection with the forum State are such that [the defendant] should reasonably anticipate being haled into court there." *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 577 (1980)

---

[2] Hagerty does not contest that general personal jurisdiction does not exist.

(internal quotation marks and citation omitted). The Sixth Circuit has three prerequisites for the exercise of personal jurisdiction:

> First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 150 (6th Cir. 1997) (quoting *Southern Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir.1968)).

## Discussion

**A. Purposeful Availment**

Purposeful availment is "essential to a finding of personal jurisdiction." *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005) (internal quotation marks and citation omitted). It "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated,' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183 (1985) (citation omitted).

Hagerty argues that this Court has personal jurisdiction over Everage and Club Stacks based upon the Club Stacks and Club Hagerty websites. Where contacts with the forum state are based upon a defendant's website, the Court is to examine the level of interactivity occurring on the website in order to determine whether personal jurisdiction exists—a test called the *Zippo* sliding scale. *Neogen*, 282 F.3d at 890 (adopting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). *Zippo* used a "'sliding scale' of interactivity to identify Internet activity that constitutes purposeful availment." *Id.* An interactive site is evidence of purposeful availment, while a passive website is evidence otherwise. *Id.*

3

A website is interactive when, among other instances, visitors can purchase products on the site by providing credit card and shipment information. *See, e.g.*, *Sports Auth.*, 97 F. Supp. 2d at 813–15. Such an interactive website is sufficient for a *prima facie* showing of purposeful availment. *Id.*; *Audi AG & Volkswagon of Am., Inc. v. D'Amato*, 341 F. Supp. 2d 734, 744–45 (E.D. Mich. 2004); *First Tenn. Nat'l Corp. v. Horizon Nat'l Bank*, 225 F. Supp. 2d 816, 821 (W.D. Tenn. 2002).

Hagerty offers evidence and argument that the websites in question are interactive. In his Reply, Everage "concedes that the <clubstacks.com> and <clubhagerty.com> websites are interactive." (ECF No. 31 at PageID.745.) However, Everage argues that there must be more than an interactive website alone to show purposeful availment. Everage cites a recent unpublished case from the Western District of Kentucky where the court held that an interactive website alone was "not enough because there is no evidence that 'the website is interactive to a degree that reveals specifically intended interaction with residents of [] [Kentucky].'" *Fruit of the Loom, Inc. v. En Garde, LLC*, No. 1:17CV00112GNSHBB, 2017 WL 3671322, at *4 (W.D. Ky. Aug. 25, 2017) (alterations in original) (quoting *Neogen*, 282 F.3d at 890). The defendant in that case had made only one sale in the state of Kentucky, which was insufficient to show purposeful availment. *Id.*

However, other courts have come to a different conclusion under similar facts. In *Audi AG*, the Eastern District of Michigan found sufficient interactivity and purposeful availment in Michigan primarily because of two factors: 1) the defendant's website offered to sell goods, and 2) the goods sold on the website allegedly infringed upon the trademarks of the plaintiffs—who principally resided in Michigan. 341 F. Supp. 2d at 744–45. The fact that the plaintiff could not point to a single transaction consummated in Michigan was not dispositive. *Id.* at 744. In *Sports*

4

*Authority*, the court found a prima facie showing of purposeful availment where "Justballs' site allows users to view a comprehensive product list, a pricing guide, and allows internet users to buy Justballs' products over the internet and contact the company via e-mail." 97 F. Supp. 2d at 814–15. In *First Tennessee*, the court noted that there were no allegations that the defendant actually serviced a resident of the forum state. However, because the defendant did not refrain from doing business with those residents on its website, and because it was "willing and capable of providing services" to residents on its website, the court found a sufficient basis for purposeful availment. 225 F. Supp. 2d at 820–21; *see also Dedvukaj v. Maloney*, 447 F. Supp. 2d 813, 822 (E.D. Mich. 2006) (holding defendant met the first prong because of its interactive website, communications with buyers, and sale of products anywhere in the United States).

The issue presents a difficult line-drawing problem. Because Everages' websites are so broad and do not specifically target any state, his position would restrict any future trademark suits against him to Nevada courts—putting any potential future plaintiffs at a disadvantage. Hagerty's position, however, could open Everage to suit in any of the fifty states because of the interactivity of his website—putting Everage at a disadvantage. However, the applicable advantages and disadvantages are adequately considered under the "reasonableness" prong of the analysis.

The Court finds that Everage's conduct constitutes transacting business under Michigan's long-arm statute and purposeful availment under the Due Process Clause. It is undisputed that Everage's website offers t-shirts for sale and describes itself as the "exclusive source for comfortable all-nighter attire." The website does not attempt to restrict the sale of its goods geographically in any way. Because Defendants offer an extensive product list on their highly interactive websites, allow users to buy the products, follow them on social media, and contact them via email, Hagerty has made a prima facie showing of purposeful availment.

5

## B. Forum-Related Activities

The second requirement for the exercise of personal jurisdiction is that "the cause of action must arise from the defendant's activities in the forum state." *Neogen*, 282 F.3d at 891 (alteration, internal quotation marks, and citation omitted). "If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996). "Injury from trademark infringement occurs in the state where the trademark owner resides." *Sports Auth.*, 97 F. Supp. 2d at 815. Operating "an interactive website that exhibits the alleged infringement" can be sufficient to meet the second prong. *First Tenn.*, 225 F. Supp. 2d at 821; *see also Audi AG*, 204 F. Supp. 2d at 1021; *Sports Auth.*, 97 F. Supp. 2d at 814; *Morel Acoustic, Ltd. v. Morel Acoustics USA, Inc.*, No. 3:04-CV-348, 2005 WL 2211306, at *7 (S.D. Ohio Sept. 7, 2005).

Everage's use of CLUB HAGERTY in transacting business in Michigan is the cause of the injuries alleged by Hagerty. Therefore, the second prong is satisfied.

## C. Reasonableness

"Finally, the exercise of personal jurisdiction must comport with 'traditional notions of fair play and substantial justice.'" *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1117 (6th Cir. 1994) (quoting *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033 (1987)). The primary considerations are "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief," as well as obtaining the most efficient resolution of controversies, and in furthering substantive social policies. *Id.* (quoting *Asahi Metal*, 480 U.S. at 113, 107 S. Ct. at 1033). There is an inference favoring the third factor if the first two elements of a prima facie case are met. *CompuServe*, 89 F.3d at 1268.

Because the first two elements are met, there is an inference of reasonableness. Michigan also has a legitimate interest in protecting the interests of its businesses, *i.e.*, Hagerty. Hagerty also has an interest in obtaining relief in Michigan. Everage may find it burdensome to defend this lawsuit in Michigan, but inconvenience is an insufficient reason alone in light of the inference and other factors. *See Audi AG*, 204 F. Supp. 2d at 1021; *First Tennessee*, 225 F. Supp. 2d at 822.

Therefore, the Court finds that Hagerty has made a prima facie showing of personal jurisdiction over Everage and Club Stacks.

## Conclusion

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Club Stack's motion for leave to join Defendant Everage's motion to dismiss (ECF No. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss for lack of personal jurisdiction (ECF No. 27) is **DENIED**.

Dated: June 13, 2018　　　　　　　　　　　　　　　/s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE