**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

THE HAGERTY GROUP, LLC,
a Michigan limited liability company,

     Plaintiff,

        v.

KEVIN EVERAGE, an individual, and
CLUB STACKS APPAREL CO LLC,
a Nevada limited liability company,

     Defendants.

Case No. 1:18-cv-00006-GJQ-RSK

JURY TRIAL DEMANDED

<u>**KEVIN EVERAGE AND CLUB STACKS APPAREL CO LLC'S**</u>
<u>**ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**</u>

     Defendants Kevin Everage and Club Stacks Apparel Co LLC (the "Defendants"), by

and through their undersigned attorneys, for their Answer to Plaintiff's First Amended

Complaint and Affirmative Defenses, state as follows:

## I.  PARTIES, JURISDICTION, AND VENUE

     1.     Plaintiff The Hagerty Group, LLC ("Hagerty") is a limited liability company

organized under the laws of the State of Delaware with its principle place of business at 141

River's Edge Drive, Suite 200, Traverse City, Michigan 49684. See **Exhibit A**, Printout of

Delaware entry for The Hagerty Group, LLC.

     **ANSWER:** Defendants admit that Hagerty is a limited liability company of Delaware,

but lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations and therefore deny the allegations in Paragraph 1.

     2.     The Hagerty Group, LLC is fully owned by Hagerty Holding Corp., a Delaware

corporation.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 2.

3.      All shareholders of Hagerty Holding Corp. are residents of the State of Michigan.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 3.

4.      Defendant Kevin Everage ("Everage") is an individual resident of the State of Nevada with his residence at 1111 Stoneypeak Avenue, North Las Vegas, Nevada 89081.

**ANSWER:** Defendants admit the allegations in Paragraph 4.

5.      Defendant Club Stacks Apparel Co, LLC ("Club Stacks") is a limited liability company organized under the laws of the State of Nevada with its principle place of business at Mr. Everage's home at 1111 Stoneypeak Avenue, North Las Vegas, Nevada 89081.

**ANSWER:** Defendants admit the allegations in Paragraph 5.

6.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121, 15 U.S.C. § 1125, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

**ANSWER:**  Paragraph 6 calls for a legal conclusion, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 6.

7.      This Court has supplemental jurisdiction over the claims in this Complaint that arise under the common law of the State of Michigan pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

**ANSWER:** Paragraph 7 calls for a legal conclusion, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 7.

8.      This Court has personal jurisdiction over Defendant Everage and Defendant Club

Stacks because exercise thereof would not offend traditional notions of fair play or substantial justice because Defendants have purposely availed themselves of this forum state, the cause of action arises from Defendants' activities here, and the Defendants' actions have caused damage to a Michigan business.

**ANSWER:** Defendants deny the allegations in Paragraph 8.

9.     Defendant Everage purposefully and intentionally availed himself of this forum state by filing for, seeking registration of, and using a trademark that is owned by Hagerty, a resident of this state, by registering a domain name containing the trademark of Hagerty, a resident of this state, by creating and operating an interactive website that reveals specifically intended interaction with residents of the State of Michigan, specifically, by inviting contact from residents of the State of Michigan, by selling and offering for sale goods to residents of the State of Michigan, and by shipping infringing goods into the State of Michigan. See **Exhibit B**, CLUB HAGERTY Trademark Application; see also **Exhibit C**, Printout of Domain Name Registration; **Exhibit D**, Printout of Interactive Website.

**ANSWER:** Defendants deny the allegations in Paragraph 9.

10.     Defendant Club Stacks purposefully and intentionally availed itself of this forum state by accepting the assignment of the CLUB HAGERTY trademark application, which is a mark that infringes upon the rights of a resident of this state, by using a domain name containing the trademark of Hagerty, a resident of this state, and by operating an interactive website that reveals specifically intended interaction with residents of the State of Michigan, specifically, by inviting contact from residents of the State of Michigan, by selling and offering for sale goods to residents of the State of Michigan, and by shipping infringing goods into the State of Michigan. See **Exhibit B**, CLUB HAGERTY Trademark Application; see also **Exhibit C**, Printout of

Domain Name Registration; **Exhibit D**, Printout of Interactive Website.

**ANSWER:** Defendants deny the allegations in Paragraph 10.

11.　　Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred within this judicial district and because Defendants are subject to this Court's personal jurisdiction.

**ANSWER:** Paragraph 11 calls for a legal conclusion, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

## PLAINTIFF'S BUSINESS

12.　　Hagerty is the world's largest insurer of classic and exotic automobiles, boats, and motorcycles.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 12.

13.　　Founded in 1973 by Frank and Louise Hagerty, Hagerty has, since that time, provided its insurance and related services to residents in the State of Michigan and across the United States, as well as in Canada, the United Kingdom, and the European Union.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 13.

14.　　Hagerty's meteoric success has led to the expansion of its services and the opening of additional offices in Lakewood, Colorado, Stouffville, Ontario, Canada, and Northhamptonshire, United Kingdom.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 14.

15.　　In its over 40 years of business, Hagerty has become one of the largest employers

in the State of Michigan and a key component of the northern Michigan economy.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 15.

16. In combination with its insurance services, Hagerty also provides various tools, products, and informational services to classic and exotic automobile, boat, and motorcycle enthusiasts.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 16.

17. For example, Hagerty provides the Hagerty Valuation Tools®, which provide enthusiasts with an interactive database and a measure of the value of their vehicles.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 17.

18. Hagerty also provides the Hagerty Vehicle Rating®, which assigns a 100-point score to a vehicle, the number of which indicates whether the value of a particular model is outperforming the classic car market, underperforming, or aligned with the current market.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 18.

19. Hagerty provides informational services, including articles, videos, and popular magazines.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 19.

20. It provides automotive club services, including flatbed towing, dispatch, priority support, and subscriptions to Hagerty's informational products and services.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 20.

21. And it provides clothing products and accessories bearing the HAGERTY trademarks through its e-commerce store The Shop Assembled by Hagerty, including t-shirts, sweatshirts, polo shirts, ties, cufflinks, socks, infant onesies, and jackets. See **Exhibit E**, Printout of The Shop Goods.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 21.

22. Hagerty's clothing products are also a coveted collector's item.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 22.

23. Since 2002, Hagerty has offered the Hagerty Dawn Patrol® hat to early-rising car enthusiasts at the Pebble Beach Concours d'Elegance. See **Exhibit F**, Printout of Dawn Patrol Article.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 23.

24. Hagerty's Dawn Patrol hat has been described as the "ultimate status symbol for car collectors." See **Exhibit F**, Printout of Dawn Patrol Article.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 24.

25. Consequently, Hagerty's club services and clothing items are a valuable and integral part of its business and the promotion of its core services.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 25.

**PLAINTIFF'S MARKS**

**Hagerty's Registered Trademarks**

26. Hagerty is the owner of various registered trademarks in the United States.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 26.

27. Hagerty is the owner of the HAGERTY character mark (Reg. No. 3,724,455), which is registered for use in association with magazines, club services, insurance services, and informational services. See **Exhibit G**, HAGERTY Character Mark.

**ANSWER:** Defendants admit that the registration in Paragraph 27 was issued by the United States Patent and Trademark Office, but denies that the services listed are correct according to the registration.

28. Hagerty is the owner of the HAGERTY design mark (Reg. No. 2,814,153), which is registered for use in association with insurance services. See **Exhibit H**, HAGERTY Design Mark.

**ANSWER:** Defendants admit that the registration in Paragraph 28 was issued by the United States Patent and Trademark Office, but denies that the services listed are correct according to the registration.

29. Hagerty is the owner of the HAGERTY DRIVING EXPERIENCE mark (Reg. No. 4,217,642), which is registered for use in association with educational and entertainment services. See **Exhibit I**, HAGERTY DRIVING EXPERIENCE Mark.

**ANSWER:** Defendants admit that the registration in Paragraph 29 was issued by the

United States Patent and Trademark Office, but denies that the services listed are correct according to the registration.

30. Hagerty is the owner of the HAGERTY VALUATION TOOLS mark (Reg. No. 4,236,758), which is registered for use in association with informational websites. See **Exhibit J**, HAGERTY VALUATION TOOLS Mark.

**ANSWER:** Defendants admit that the registration in Paragraph 30 was issued by the United States Patent and Trademark Office, but denies that the services listed are correct according to the registration.

31. Hagerty is the owner of the HAGERTY PLUS mark (Reg. No. 4,892,318), which is registered for use in association with club services, emergency roadside assistance, and emergency automobile towing. See **Exhibit K**, HAGERTY PLUS Mark.

**ANSWER:** Defendants admit that the registration in Paragraph 31 was issued by the United States Patent and Trademark Office, but denies that the services listed are correct according to the registration.

32. Hagerty is the owner of the HAGERTY. FOR PEOPLE WHO LOVE CARS. mark (Reg. No. 5,205,570), which is registered for use in association with magazines, club services, insurance services, and informational services. See **Exhibit L**, HAGERTY. FOR PEOPLE WHO LOVE CARS. Mark.

**ANSWER:** Defendants admit that the registration in Paragraph 32 was issued by the United States Patent and Trademark Office, but denies that the services listed are correct according to the registration.

33. Hagerty is the owner of HAGERTY VEHICLE RATING (Reg. No. 5,326,730), which is registered for use in association with online consumer information, ratings, and

rankings. See **Exhibit M**, HAGERTY VEHICLE RATING Mark.

**ANSWER:** Defendants admit that the registration in Paragraph 33 was issued by the United States Patent and Trademark Office, but denies that the services listed are correct according to the registration.

34. And Hagerty is the owner of the HAGERTY DAWN PATROL 2007 mark (Reg. No. 3,453,596), which is registered for use in association with advertising and promotional services. See **Exhibit N**, HAGERTY DAWN PATROL 2007 Mark.

**ANSWER:** Defendants admits that the allegations in Paragraph 34.

35. The above-mentioned registered trademarks constitute Hagerty's valuable intellectual property (collectively the "Registered Marks").

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 35.

## Hagerty's Common Law Trademark Rights

36. Hagerty is also the owner of an application for registration of HAGERTY (Serial No. 87,333,646), which is pending registration for use in association with coasters, decanters, mugs, whisky glasses, hats, pocket squares, polo shirts, socks, t-shirts, and ties. See **Exhibit Q**, HAGERTY Trademark Application.

**ANSWER:** Defendants admit the allegations of Paragraph 36 as to the application filed with the United States Patent and Trademark Office, but denies that the goods listed are correct according to the application.

37. Hagerty is the owner of an application for registration of HAGERTY FOR PEOPLE WHO LOVE BOATS (Serial No. 87,556,780), which is pending registration for use in association with magazines, club services, insurance services, and informational services. See

**Exhibit P**, HAGERTY FOR PEOPLE WHO LOVE BOATS Trademark Application.

 **ANSWER:** Defendants admit the allegations of Paragraph 37 as to the application filed with the United States Patent and Trademark Office, but denies that the services listed are correct according to the application.

 38. Hagerty is the owner of an application for registration of HAGERTY FOR PEOPLE WHO LOVE BIKES (Serial No. 87,556,789), which is pending registration for use in association with magazines, club services, insurance services, and informational services. See **Exhibit Q**, HAGERTY FOR PEOPLE WHO LOVE BIKES Trademark Application.

 **ANSWER:** Defendants admit the allegations of Paragraph 38 as to the application filed with the United States Patent and Trademark Office, but denies that the services listed are correct according to the application.

 39. Hagerty has consistently and exclusively used the HAGERTY mark in association with the sale and offering for sale of insurance services since as early as 1973. See **Exhibit R**, Affidavit of Kuzma.

 **ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the sale and offering for sale of insurance services since as early as 1973 and therefore deny the allegations of Paragraph 39.

 40. Hagerty has consistently and exclusively used the HAGERTY mark in association with the sale and offering for sale of club services since as early as 2007. See **Exhibit R**, Affidavit of Kuzma.

 **ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the sale and offering for sale of club services since as early as 2007 and therefore deny the allegations of Paragraph 40.

41.     Hagerty has consistently and exclusively used the HAGERTY mark in association with the sale and offering for sale of clothing goods, including t-shirts, since as early as 1999. See **Exhibit R**, Affidavit of Kuzma.

**ANSWER:** Defendants deny the allegations in Paragraph 41.

42.     Hagerty has consistently and exclusively used the HAGERTY mark in association with the sale and offering for sale of clothing goods, including t-shirts, through its The Shop Assembled by Hagerty e-commerce store since as early as May 10, 2016. See **Exhibit R**, Affidavit of Kuzma.

**ANSWER:** Defendants deny the allegations in Paragraph 42.

43.     Hagerty has expended significant sums in advertising the HAGERTY mark throughout the United States. See **Exhibit R**, Affidavit of Kuzma.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations of Paragraph 43.

44.     Hagerty's HAGERTY mark is inherently distinctive or has obtained distinctiveness through secondary meaning.

**ANSWER:** Defendants deny the allegations in Paragraph 44.

45.     As a result of Hagerty's consistent, continuous, and exclusive use of HAGERTY in commerce, Hagerty's HAGERTY mark has become well and favorably known across the United States and Hagerty has obtained common law trademark rights in and to the HAGERTY mark.

**ANSWER:** Defendants deny the allegations in Paragraph 45.

46.     In furtherance of its business, Hagerty registered the <hagerty.com> domain

name, which reflects its registered HAGERTY mark in its entirety, on July 29, 1995. See **Exhibit S**, <hagerty.com> WHOIS Record.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 46.

47.     Since as early as December 1996, Hagerty has operated a website advertising the services sold under the HAGERTY marks at the <hagerty.com> domain name. See **Exhibit T**, December 1996 WaybackMachine Entry for <hagerty.com>.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 47.

48.     In furtherance of its business, Hagerty registered the <theshopbyhagerty.com> domain name on January 29, 2016. See **Exhibit U**, <theshopbyhagerty.com> WHOIS Record.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 48.

49.     Since as early as May 10, 2016, Hagerty has operated a website selling clothing goods bearing the HAGERTY mark at the <theshopbyhagerty.com> domain name. See **Exhibit V**, May 2016 WaybackMachine Entry for <theshopbyhagerty.com>.

**ANSWER:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 49.

50.     The above-mentioned common law trademarks constitute Hagerty's valuable and irreplaceable intellectual property (collectively, the "Common Law Marks").

**ANSWER:** Defendants deny the allegations in Paragraph 50.

## DEFENDANTS AND THEIR BUSINESS

51.     Everage is a law student at the University of Nevada—Las Vegas, William S.

Boyd School of Law. See **Exhibit W**, Printout of LinkedIn.

**ANSWER:** Defendants admit the allegations in Paragraph 51.

52.     Everage previously served as a patent examiner with the United States Patent and Trademark Office in Alexandria, Virginia. See **Exhibit W**, Printout of LinkedIn.

**ANSWER:** Defendants admit the allegations in Paragraph 52.

53.     Everage has also served as a legal department intern and, currently, as a legal clerk, for Switch, a colocation data center in Las Vegas, Nevada. See **Exhibit W**, Printout of LinkedIn.

**ANSWER:** Defendants admit the allegations in Paragraph 53, except that currently his title changed to Patent Agent & Intellectual Property Coordinator.

54.     Everage is also, upon information and belief, the sole member of Club Stacks Apparel Co, LLC. See **Exhibit W**, Printout of LinkedIn.

**ANSWER:** Defendants admit the allegations in Paragraph 54.

55.     Club Stacks Apparel Co, LLC is Nevada limited liability company organized in Nevada on September 6, 2016. See **Exhibit X**, Printout of Nevada Business Entity Search.

**ANSWER:** Defendants admit the allegations in Paragraph 55.

56.     Everage is listed as the managing member of Club Stacks, and his father, Joel Everage, is listed as its registered agent. See **Exhibit X**, Printout of Nevada Business Entity Search.

**ANSWER:** Defendants admit the allegations in Paragraph 56.

57.     On November 6, 2015, Everage filed an application for trademark registration of the mark CLUB HAGERTY with the United States Patent and Trademark Office (Serial No. 86811446) on an intent to use basis and for use in association with t-shirts. See **Exhibit B**, CLUB

HAGERTY Mark.

**ANSWER:** Defendants admit the allegations in Paragraph 57.

58.     Everage has filed approximately 121 trademark applications in total, all of which include the term "club." See **Exhibit Y**, TESS Printout.

**ANSWER:** Defendants admit the allegations in Paragraph 58.

59.     Everage appears to be filing applications in order to create a clothing brand titled "Club Stacks," which caters to college students. See **Exhibit Z**, Printout of Club Stacks Website.

**ANSWER:** Defendants admit the allegations in Paragraph 59.

60.     The Club Stacks website states that "Club Stacks Apparel is your exclusive source for comfortable all-nighter attire." See **Exhibit Z**, Printout of Club Stacks Website.

**ANSWER:** Defendants admit the allegations in Paragraph 60.

61.     The Club Stacks website sells various "club" related t-shirts, including t-shirts bearing the term "Club Hagerty." See **Exhibit Z**, Printout of Club Stacks Website.

**ANSWER:** Defendants admit the allegations in Paragraph 61.

62.     Everage registered the <clubstacks.com> domain name in furtherance of this business model on May 28, 2016. See **Exhibit C**, Printout of Club Stacks WHOIS.

**ANSWER:** Defendants admit the allegations in Paragraph 62.

## DEFENDANTS' INFRINGEMENT

63.     Upon discovering Everage's application for registration of the CLUB HAGERTY mark, Hagerty sent Everage a demand letter on January 12, 2017 notifying him that it believed that his application for registration of the CLUB HAGERTY mark for use in association with t-shirts infringed upon its rights because the registration and use of such a mark was likely to cause confusion in the minds of consumers. See **Exhibit AA**, Printout of Letter to Everage.

**ANSWER:** Defendants admit the allegations that Hagerty sent Everage a demand letter, but denies the remaining allegations in Paragraph 63.

64.     Mr. Everage received this letter on or about January 14, 2017.

**ANSWER:** Defendants admit the allegations in Paragraph 64.

65.     Mr. Everage did not respond to this letter.

**ANSWER:** Defendants admit the allegations in Paragraph 65.

66.     On June 14, 2017, Everage informed the USPTO that he was using the CLUB HAGERTY mark in commerce by filing a statement to allege use. See **Exhibit BB**, CLUB HAGERTY Prosecution History.

**ANSWER:** Defendants admit the allegations in Paragraph 66.

67.     On August 17, 2017, Hagerty filed a letter of protest with the United States Patent and Trademark Office, which opposed the registration of the CLUB HAGERTY mark. See **Exhibit CC**, Letter of Protest.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny the allegations in Paragraph 67.

68.     On August 22, 2017, counsel for Hagerty emailed Everage and informed him that Hagerty would be forced to file a trademark infringement lawsuit or trademark cancellation proceeding against Everage if the mark was not abandoned. See **Exhibit DD**, Aug. 22, 2017 Email to Everage.

**ANSWER:** Defendant admit that Hagerty sent Everage an email, but deny the remaining allegations in Paragraph 68.

69.     Everage responded to this email on August 24, 2017 and stated that he needed "some indication that Hagerty Insurance began its use of the HAGERTY mark on clothing prior

to my first use date." See **Exhibit EE**, Aug. 24, 2017 Email Chain.

**ANSWER:** Defendants admit the allegations in Paragraph 69.

70. On that same day, counsel for Hagerty provided Everage with evidence showing that Hagerty has been using the HAGERTY mark in association with the offering of clothing items since as early as 1999. See **Exhibit EE**, Aug. 24, 2017 Email Chain.

**ANSWER:** Defendants admit that Hagerty sent Everage an email, but deny the remaining allegations in Paragraph 70.

71. Everage did not respond to this email.

**ANSWER:** Defendants admit the allegations in Paragraph 71.

72. On October 11, 2017, counsel for Hagerty again emailed Everage in an attempt to resolve the matter. See **Exhibit FF**, Oct. 11, 2017 Email.

**ANSWER:** Defendants admit that Hagerty sent Everage an email, but deny the remaining allegations in Paragraph 72.

73. No answer was received to this email.

**ANSWER:** Defendants admit the allegations in Paragraph 73.

74. On October 22, 2017, Everage assigned his CLUB HAGERTY trademark application to Club Stacks. See **Exhibit GG**, Assignment of Trademark.

**ANSWER:** Defendants admit the allegations in Paragraph 74.

75. Also on October 22, 2017, Everage registered the <clubhagerty.com> domain name.

**ANSWER:** Defendants admit the allegations in Paragraph 75.

76. Everage, through Club Stacks, began using the <clubhagerty.com> domain name to sell t- shirts bearing the purported CLUB HAGERTY mark. See **Exhibit D**,

<clubhagerty.com> Website.

**ANSWER:** Defendants admit the allegations in Paragraph 76.

77. On December 5, 2017, General Counsel for Hagerty, Mark Kuzma, made one final attempt to resolve this matter short of litigation by again sending correspondence to Everage. See **Exhibit HH**, Correspondence from Kuzma.

**ANSWER:** Defendants admit that correspondence was set to Everage on December 5, 2017, but lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 and therefore deny the allegations.

78. No answer was received to this correspondence.

**ANSWER:** Defendants deny the allegations in Paragraph 78.

79. Despite Hagerty's numerous attempts to resolve this issue with Everage short of litigation, it has been unable to do so.

**ANSWER:** Defendants deny the allegations in Paragraph 79.

80. Everage's CLUB HAGERTY mark, however, has precluded Hagerty's trademark registration of HAGERTY (Serial No. 87,333,646), which is pending registration for use with coasters, decanters, mugs, whisky glasses, hats, pocket squares, polo shirts, socks, t- shirts, and ties, and THE SHOP… ASSEMBLED BY HAGERTY (Serial No. 86,916,655), which is pending registration for use with online retail store services featuring apparel, merchandise, houseware, and accessories.

**ANSWER:** Defendants admit that the THE SHOP… ASSEMBLED BY HAGERTY application is pending and is suspended in light of the CLUB HAGERTY mark, but deny the remaining allegations in Paragraph 80.

81. On March 6, 2018, the CLUB HAGERTY mark was granted registration by the

US Patent and Trademark Office (Reg. No. 5,418,691). See **Exhibit II**, CLUB HAGERTY Registration.

**ANSWER:** Defendants admit the allegations in Paragraph 81.

82.     Consequently, Hagerty brings this action to permanently enjoin and restrain Defendants' infringing registration and use of CLUB HAGERTY, to permanently enjoin and restrain their infringing registration and use of the <clubhagerty.com> domain name, to cancel the CLUB HAGERTY trademark, and to obtain monetary damages, costs, and attorneys' fees.

**ANSWER:**  Defendants deny the allegations in Paragraph 82.

**<u>COUNT I: TRADEMARK INFRINGEMENT PURSUANT TO 15 U.S.C. § 1114</u>**

83.     Hagerty incorporates all foregoing paragraphs as if fully restated herein.

**ANSWER:** Defendants incorporate by reference their answers to Paragraphs 1-82 of the First Amended Complaint.

84.     Hagerty is the owner of the Registered Marks, all of which incorporate the term HAGERTY.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 and therefore deny the allegations.

85.     The Registered Marks are registered for use in association with a wide variety of goods and services, including, but not limited to, insurance services, club services, informational services, educational and entertainment services, emergency roadside assistance services, consumer information services, ranking, rating, and valuation services, and magazines.

**ANSWER:** Defendants deny the allegations in Paragraph 85.

86.     The Registered Marks are a family of marks recognized by the consuming public as indicators of the origin and source of Hagerty's goods and services.

**ANSWER:** Defendants deny the allegations in Paragraph 86.

87.     The consuming public recognizes the term HAGERTY as a common characteristic of the Hagerty family of marks and understands that term to designate Hagerty as the origin or source of goods or services sold under it.

**ANSWER:** Defendants deny the allegations in Paragraph 87.

88.     The HAGERTY character mark (Reg. No. 3,724,455), HAGERTY design mark (Reg. No. 2,814,153), HAGERTY DAWN PATROL 2007 (Reg. No. 3,453,596), HAGERTY DRIVING EXPERIENCE (Reg. No. 4,217,642), and HAGERTY VALUATION TOOLS (Reg. No. 4,236,758) marks are incontestable, and, therefore, are afforded the highest level of protection under the law.

**ANSWER:** Defendants deny the allegations in Paragraph 88.

89.     Defendants' alleged CLUB HAGERTY mark is a confusingly similar colorable imitation of Hagerty's Registered Marks and the HAGERTY family of marks.

**ANSWER:** Defendants deny the allegations in Paragraph 89.

90.     Defendants' alleged CLUB HAGERTY mark is a counterfeit of Hagerty's Registered Marks.

**ANSWER:** Defendants deny the allegations in Paragraph 90.

91.     Defendants' registration and use of the alleged CLUB HAGERTY mark in commerce is likely to cause confusion, to cause mistake, or to deceive as to the origin or source of Defendants' goods.

**ANSWER:** Defendants deny the allegations in Paragraph 91.

92.     Defendants' registration and use of the alleged CLUB HAGERTY mark in commerce is particularly likely to cause a likelihood of confusion with Hagerty's Registered

Marks because Defendants' alleged CLUB HAGERTY mark incorporates the descriptive term "club" to imply membership in a club in direct conflict and competition with Hagerty's club services.

**ANSWER:** Defendants deny the allegations in Paragraph 92.

93.     As a result of Defendants' registration and use of the alleged CLUB HAGERTY mark, Defendants may be held liable for trademark infringement pursuant to 15 U.S.C. § 1114.

**ANSWER:** Defendants deny the allegations in Paragraph 93.

94.     Hagerty is entitled to the recovery of, in its election before trial, statutory damages, Defendant's profits, Plaintiff's actual damages, treble damages, and the costs of this action.

**ANSWER:** Defendants deny the allegations in Paragraph 94.

95.     In light of Defendants' actions, Hagerty is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

**ANSWER:** Defendants deny the allegations in Paragraph 95.

96.     Hagerty is also entitled to its attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

**ANSWER:** Defendants deny the allegations in Paragraph 96.

## COUNT II: FALSE DESIGNATION OF ORIGIN PURSUANT TO 15 U.S.C. § 1125(a)

97.     Hagerty incorporates all foregoing paragraphs as if fully restated herein.

**ANSWER:** Defendants incorporate by reference their answers to Paragraphs 1-96 of the First Amended Complaint.

98.     Hagerty is the owner of the Common Law Marks, all of which incorporate the term HAGERTY.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 and therefore deny the allegations.

99.     The Common Law Marks are in use in association with a wide variety of goods and services, including, but not limited to, t-shirts, ties, socks, polo shirts, pocket squares, hats, whisky glasses, mugs, decanters, coasters, insurance services, club services, informational services, educational and entertainment services, emergency roadside assistance services, consumer information services, ranking, rating, and valuation services, and magazines.

**ANSWER:** Defendants deny the allegations in Paragraph 99.

100.    The Common Law Marks are inherently distinctive or have acquired distinctiveness through secondary meaning by virtue of their longstanding use in commerce.

**ANSWER:** Defendants deny the allegations in Paragraph 100.

101.    The Common Law Marks are a family of marks recognized by the consuming public as indicators of the origin and source of Hagerty's goods and services.

**ANSWER:** Defendants deny the allegations in Paragraph 101.

102.    The consuming public recognizes the term HAGERTY as a common characteristic of the Hagerty family of marks and understands that term to designate Hagerty as the origin or source of goods or services sold under it.

**ANSWER:** Defendants deny the allegations in Paragraph 102.

103.    Defendants have used the alleged CLUB HAGERTY mark in commerce in association with the sale and offering for sale of clothing goods.

**ANSWER:** Defendants admit the allegations in Paragraph 103.

104.    Defendants' use of the alleged CLUB HAGERTY mark is commercial in nature.

**ANSWER:** Defendants admit the allegations in Paragraph 104.

105.     Defendants' use of the alleged CLUB HAGERTY mark in commerce is likely to cause confusion, to cause mistake, and to deceive the public by suggesting that Defendants' goods are authorized by, sponsored by, approved by, or affiliated with Hagerty's goods and services.

**ANSWER:** Defendants deny the allegations in Paragraph 105.

106.     Defendants' use of the alleged CLUB HAGERTY mark in commerce is likely to confuse the public.

**ANSWER:** Defendants deny the allegations in Paragraph 106.

107.     Defendants have falsely designated Hagerty as the origin of their goods through the sale of clothing goods bearing their alleged CLUB HAGERTY mark.

**ANSWER:** Defendants deny the allegations in Paragraph 107.

108.     Defendants have profited from this false designation of origin by diverting consumers from Hagerty to Defendants.

**ANSWER:** Defendants deny the allegations in Paragraph 108.

109.     As a result, Hagerty has suffered monetary damages and a loss of goodwill associated with its Common Law Marks

**ANSWER:** Defendants deny the allegations in Paragraph 109.

110.     Consequently, Defendants' use of the alleged CLUB HAGERTY mark constitutes unfair competition and trademark infringement pursuant to 15 U.S.C. § 1125(a).

**ANSWER:** Defendants deny the allegations in Paragraph 110.

111.     Hagerty is entitled to the recovery of Defendants' profits, Hagerty's actual damages, and the costs of this action.

**ANSWER:** Defendants deny the allegations in Paragraph 111.

112.    In light of Defendants' actions, Hagerty is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

**ANSWER:** Defendants deny the allegations in Paragraph 112.

113.    Hagerty is also entitled to its attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

**ANSWER:** Defendants deny the allegations in Paragraph 113.

## COUNT III: CYBERSQUATTING PURSUANT TO 15 U.S.C. § 1125(d)

114.    Hagerty incorporates all foregoing paragraphs as if fully restated herein.

**ANSWER:** Defendants incorporate by reference their answers to Paragraphs 1-113 of the First Amended Complaint.

115.    Hagerty is the owner of the Registered Marks, all of which incorporate the term HAGERTY.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115 and therefore deny the allegations.

116.    The Registered Marks are registered for use in association with a wide variety of goods and services, including, but not limited to, insurance services, club services, informational services, educational and entertainment services, emergency roadside assistance services, consumer information services, ranking, rating, and valuation services, and magazines.

**ANSWER:** Defendants deny the allegations in Paragraph 116.

117.    The HAGERTY character mark (Reg. No. 3,724,455), HAGERTY design mark (Reg. No. 2,814,153), HAGERTY DAWN PATROL 2007 (Reg. No. 3,453,596), HAGERTY DRIVING EXPERIENCE (Reg. No. 4,217,642), and HAGERTY VALUATION TOOLS (Reg. No. 4,236,758) marks are incontestable, and, therefore, are afforded the highest level of

protection under the law.

**ANSWER:** Defendants deny the allegations in Paragraph 117.

118. Hagerty is the owner of the Common Law Marks, all of which incorporate the term HAGERTY.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118 and therefore deny the allegations.

119. The Common Law Marks are in use in association with a wide variety of goods and services, including, but not limited to, t-shirts, ties, socks, polo shirts, pocket squares, hats, whisky glasses, mugs, decanters, coasters, insurance services, club services, informational services, educational and entertainment services, emergency roadside assistance services, consumer information services, ranking, rating, and valuation services, and magazines.

**ANSWER:** Defendants deny the allegations in Paragraph 119.

120. The Common Law Marks are inherently distinctive or have acquired distinctiveness through secondary meaning by virtue of their longstanding use in commerce.

**ANSWER:** Defendants deny the allegations in Paragraph 120.

121. The Registered Marks and Common Law Marks are a family of marks recognized by the consuming public as indicators of the origin and source of Hagerty's goods and services.

**ANSWER:** Defendants deny the allegations in Paragraph 121.

122. The consuming public recognizes the term HAGERTY as a common characteristic of the Hagerty family of marks and understands that term to designate Hagerty as the origin or source of goods or services sold under it.

**ANSWER:** Defendants deny the allegations in Paragraph 122.

123. Defendant Everage is the domain registrant of <clubhagerty.com>.

**ANSWER:** Defendants deny the allegations in Paragraph 123.

124.     Defendant Everage registered <clubhagerty.com> knowing it was confusingly similar to Hagerty's domain names <hagerty.com> and <theshopbyhagerty.com> and Hagerty's Registered Marks and Common Law Marks.

**ANSWER:** Defendants deny the allegations in Paragraph 124.

125.     Defendant Everage registered <clubhagerty.com> knowing it was confusingly similar to Hagerty's domain names and trademarks in an attempt to drive traffic to Defendants' website for commercial gain.

**ANSWER:** Defendants deny the allegations in Paragraph 125.

126.     Defendant Everage registered, used, and trafficked in the <clubhagerty.com> domain name with a bad faith intent to profit from Hagerty's Registered Marks and Common Law Marks and their associated goodwill.

**ANSWER:** Defendants deny the allegations in Paragraph 126.

127.     Hagerty's Registered Marks and Common Law Marks were distinctive at the time of Defendant Everage's registration, use, and trafficking in the <clubhagerty.com> domain name.

**ANSWER:** Defendants deny the allegations in Paragraph 127.

128.     Defendant Everage has no rights or legitimate interests in or to the <clubhagerty.com> domain name.

**ANSWER:** Defendants deny the allegations in Paragraph 128.

129.     Defendant Everage registered, used, and trafficked in the <clubhagerty.com> domain name with prior knowledge of Hagerty's Registered Marks and Common Law Marks.

**ANSWER:** Defendants deny the allegations in Paragraph 129.

130.     Defendant Everage has used the <clubhagerty.com> domain name to divert

consumers from Hagerty's websites to Defendant's website for commercial gain and to cause a likelihood of confusion.

**ANSWER:** Defendants deny the allegations in Paragraph 130.

131. Defendant Everage's actions constitute cybersquatting under 15 U.S.C. § 1125(d).

**ANSWER:** Defendants deny the allegations in Paragraph 131.

132. In light of Defendant Everage's actions, Hagerty is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

**ANSWER:** Defendants deny the allegations in Paragraph 132.

133. Hagerty is also entitled to the transfer of the <clubhagerty.com> domain name to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C).

**ANSWER:** Defendants deny the allegations in Paragraph 133.

134. Hagerty is entitled to the recovery of Defendant Everage's profits, Hagerty's actual damages, and the costs of this action.

**ANSWER:** Defendants deny the allegations in Paragraph 134.

135. Alternatively, at Hagerty's election, Hagerty is entitled to recover statutory damages in the amount of $100,000 per domain name pursuant to 15 U.S.C. § 1117.

**ANSWER:** Defendants deny the allegations in Paragraph 135.

136. Hagerty is also entitled to its attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

**ANSWER:** Defendants deny the allegations in Paragraph 136.

## COUNT IV: COMMON LAW UNFAIR COMPETITION

137. Hagerty incorporates all foregoing paragraphs as if fully restated herein.

**ANSWER:** Defendants incorporate by reference their answers to Paragraphs 1-136 of the

First Amended Complaint.

138. Hagerty has consistently, continuously, and exclusively used the Common Law Marks in all categories of goods or services since, at the very least, 2007.

**ANSWER:** Defendants deny the allegations in Paragraph 138.

139. Hagerty's Common Law Marks are inherently distinctive or have acquired distinctiveness through secondary meaning.

**ANSWER:** Defendants deny the allegations in Paragraph 139.

140. As a result of Hagerty's consistent, continuous, and exclusive use of the Common Law Marks in commerce, Hagerty's Common Law Marks have become well and favorably known across the United States.

**ANSWER:** Defendants deny the allegations in Paragraph 140.

141. The Common Law Marks are a family of marks recognized by the consuming public as indicators of the origin and source of Hagerty's goods and services.

**ANSWER:** Defendants deny the allegations in Paragraph 141.

142. The consuming public recognizes the term HAGERTY as a common characteristic of the Hagerty family of marks and understands that term to designate Hagerty as the origin or source of goods or services sold under it.

**ANSWER:** Defendants deny the allegations in Paragraph 142.

143. Defendants have used the alleged CLUB HAGERTY mark in commerce in association with the sale and offering for sale of clothing goods.

**ANSWER:** Defendants admit the allegations in Paragraph 143.

144. Defendants' use of the alleged CLUB HAGERTY mark is commercial in nature.

**ANSWER:** Defendants admit the allegations in Paragraph 144.

145. Defendants' use of the alleged CLUB HAGERTY mark in commerce is likely to cause confusion, to cause mistake, and to deceive the public by suggesting that Defendants' goods are authorized by, sponsored by, approved by, or affiliated with Hagerty's goods and services.

**ANSWER:** Defendants deny the allegations in Paragraph 145.

146. Defendants' use of the alleged CLUB HAGERTY mark in commerce is likely to confuse the public.

**ANSWER:** Defendants deny the allegation in Paragraph 146.

147. Defendants have falsely designated Hagerty as the origin of their goods through the sale of clothing goods bearing their alleged CLUB HAGERTY mark.

**ANSWER:** Defendants deny the allegations in Paragraph 147.

148. Defendants have profited from this false designation of origin by diverting consumers from Hagerty to Defendants.

**ANSWER:** Defendants deny the allegations in Paragraph 148.

149. As a result, Hagerty has suffered monetary damages and a loss of goodwill associated with its Common Law Marks.

**ANSWER:** Defendants deny the allegations in Paragraph 149.

150. The practices above are fraudulent, deceptive, likely to cause confusion and to mislead the public.

**ANSWER:** Defendants deny the allegations in Paragraph 150.

151. Defendants' conduct has damaged Hagerty.

**ANSWER:** Defendants deny the allegations in Paragraph 151.

152. Hagerty is entitled to the entry of preliminary and permanent injunctive relief

because Hagerty's remedy at law is not adequate to compensate it for its injuries caused by Defendants.

**ANSWER:** Defendants deny the allegations in Paragraph 152.

153.    Additionally, Hagerty is entitled to actual damages.

**ANSWER:** Defendants deny the allegations in Paragraph 153.

### COUNT V: CANCELLATION OF TRADEMARK REGISTRATION 5,418,691

154.    Hagerty incorporates all foregoing paragraphs as if fully restated herein.

**ANSWER:** Defendants incorporate by reference their answers to Paragraphs 1-153 of the First Amended Complaint.

155.    Hagerty is the owner of the Registered Marks, which contain the HAGERTY formative and are registered for use in association with a variety of goods and services, including, but not limited to, insurance services, club services, informational services, educational and entertainment services, emergency roadside assistance services, consumer information services, ranking, rating, and valuation services, and magazines.

**ANSWER:** Defendants deny the allegations in Paragraph 155.

156.    Hagerty is also the owner of the Common Law Marks, which also contain the HAGERTY formative and are used in association with a variety of goods and services, including, but not limited to, t-shirts, ties, socks, polo shirts, pocket squares, hats, whisky glasses, mugs, decanters, coasters, insurance services, club services, informational services, educational and entertainment services, emergency roadside assistance services, consumer information services, ranking, rating, and valuation services, and magazines.

**ANSWER:** Defendants deny the allegations in Paragraph 156.

157.    Hagerty has continuously and exclusively used the Common Law Marks in

association with its goods and services since, at the very least, 2007.

**ANSWER:** Defendants deny the allegations in Paragraph 157.

158.    The Common Law Marks are inherently distinctive.

**ANSWER:** Defendants deny the allegations in Paragraph 158.

159.    Alternatively, through Hagerty's longstanding use in commerce, the Common Law Marks have acquired secondary meaning.

**ANSWER:** Defendants deny the allegations in Paragraph 159.

160.    Consequently, Hagerty has acquired common law trademark rights in and to the Common Law Marks.

**ANSWER:** Defendants deny the allegations in Paragraph 160.

161.    Club Stacks has applied for and obtained registration of the CLUB HAGERTY trademark with the United States Patent and Trademark Office under Registration Number 5,418,691 ("'691 Registration").

**ANSWER:** Defendants admit the allegations in Paragraph 161.

162.    Club Stacks' '691 Registration is confusingly similar to Hagerty's Registered Marks and Common Law Marks.

**ANSWER:** Defendants deny the allegations in Paragraph 162.

163.    Club Stacks' '691 Registration is likely, when used on or in connection with clothing goods, to cause confusion, or to cause mistake, or to deceive the consuming public into believing that Club Stacks' goods are the same as Hagerty's goods or services or that Club Stacks' goods originate from the same source as Hagerty's goods or services.

**ANSWER:** Defendants deny the allegations in Paragraph 163.

164.    Additionally, and upon information and belief, Club Stacks improperly fabricated

mockups to submit as a specimen to the United States Patent and Trademark Office to show that it was using the CLUB HAGERTY mark in association with clothing goods.

**ANSWER:** Defendants deny the allegations in Paragraph 164.

165. Specifically, and upon information and belief, Club Stacks' improperly fabricated hang tags and digital images to deceive the United States Patent and Trademark Office examining attorney that Club Stacks was using the CLUB HAGERTY mark in interstate commerce in association with the goods listed in its '691 Registration when, in fact, Club Stacks was merely making an ornamental use of the purported CLUB HAGERTY mark.

**ANSWER:** Defendants deny the allegations in Paragraph 165.

166. Upon information and belief, Club Stacks has knowingly made false, material misrepresentations to the United States Patent and Trademark Office in the prosecution of its application for the '691 Registration.

**ANSWER:** Defendants deny the allegations in Paragraph 166.

167. Club Stacks knew that its conduct constituted a false representation of a material fact.

**ANSWER:** Defendants deny the allegations in Paragraph 167.

168. Club Stacks has failed to correct these misrepresentations.

**ANSWER:** Defendants deny the allegations in Paragraph 168.

169. Consequently, Hagerty hereby requests that the Court cancel Club Stacks '691 Registration on the grounds that it will cause a likelihood of confusion pursuant to Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

**ANSWER:** Defendants deny the allegations in Paragraph 169.

170. Hagerty further requests that the Court cancel Club Stacks' '691 Registration on

the grounds that it was obtained by fraud on the United States Patent and Trademark Office.

**ANSWER:** Defendants deny the allegations in Paragraph 170.

<u>**AFFIRMATIVE DEFENSES**</u>

For their affirmative defenses, Kevin Everage and Club Stacks Apparel Co LLC (the "Defendants") state:

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

Plaintiff's First Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

Defendants' use of the mark CLUB HAGERTY has not created and will not create any likelihood of confusion in the marketplace.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred by the doctrines of estoppel and equitable estoppel.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred by the doctrine of waiver.

<u>**FIFTH AFFIRMATIVE DEFENSE**</u>

Plaintiff has acquiesced in Defendants' use of the mark CLUB HAGERTY in the United States.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>

Plaintiff has abandoned any and all rights it may have had to register HAGERTY for clothing beyond any permissible common law use, if any.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

Defendants are entitled to continued registration of the registered mark for the goods

offered by Defendants in International Class 25.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, because punitive damages are not recoverable in cases brought under the Lanham Act.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint is overreaching, a form of trademark misuse, trademark bullying, and constitutes unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead additional affirmative defenses as discovery progresses as Registrant has not had the opportunity to complete discovery to know all of the available Affirmative Defenses at this stage of the proceeding.

## JURY DEMAND

Defendants, Kevin Everage and Club Stacks Apparel Co LLC by and through their attorney, Daniel H. Bliss, Howard & Howard Attorneys PLLC, demand a trial by jury on all issues so triable.

Dated: this 27th day of June, 2018

HOWARD & HOWARD ATTORNEYS PLLC

By:   s/ Daniel H. Bliss
Daniel H. Bliss (P40129)
Jonathan W. Fountain (P63899)
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 27, 2018, I caused the foregoing document to be filed with the Clerk of the Court via the CM/ECF system, which will cause notice of same to be sent to all counsel of record.

By:   s/ Jonathan W. Fountain
Daniel H. Bliss (P40129)
Jonathan W. Fountain (P63899)
Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169

Attorneys for Defendants

4841-4105-6610, v. 1