UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE HAGERTY GROUP, LLC, a Michigan limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN EVERAGE, an individual, and CLUB STACKS APPAREL CO LLC, a Nevada limited liability company,<br><br>Defendants. | Case No. 1:18-cv-00006-GJQ-RSK |

**DEFENDANTS' BRIEF ON WHETHER HAGERTY IS ENTITLED TO A JURY TRIAL**

Pursuant to the Court's September 28, 2018 Case Management Order (ECF No. 47), Defendants Kevin Everage and Club Stacks Apparel Co. LLC (together, "Defendants") hereby submit their brief on the question of whether Plaintiff The Hagerty Group, LLC ("Hagerty") is entitled to a jury trial on its claims.

STATEMENT OF FACTS

Plaintiff is the world's largest insurer of classic and exotic automobiles. (First Am. Compl. ¶ 12.) Since 1973, Plaintiff has provided its insurance and related services to residents in the State of Michigan and across the United States, as well as in Canada, the United Kingdom, and the European Union. (First Am. Compl. ¶ 13.) Plaintiff's principal place of business is Traverse City, Michigan. (First Am. Compl. ¶ 1.)

Plaintiff alleges that, in addition to its insurance products, "it provides clothing products and accessories bearing the HAGERTY trademarks through its e-commerce store The Shop Assembled by Hagerty, including t-shirts . . . ." (First Am. Compl. ¶ 21.) Plaintiff claims to be the owner of several HAGERTY and HAGERTY-formative trademarks for insurance and insurance related services including "club services." (First Am. Compl. ¶¶ 26-35.) However

1

Plaintiff owns no U.S. trademark registration for any HAGERTY or HAGERTY-formative mark for use in commerce in connection with clothing or, more specifically, t-shirts. (*See generally*, First Am. Compl.) Rather, Plaintiff has filed Application Serial No. 87,333,646 seeking registration of HAGERTY for use with, among other items, t-shirts. (First Am. Compl. ¶ 80.) Plaintiff has also filed Application Serial No. 86,916,655 with the USPTO seeking registration of THE SHOP . . . ASSEMBLED BY HAGERTY for use in connection with online retail store services featuring apparel. . . ." (*Id*.)

Everage is a law student at the University of Nevada—Las Vegas. (First Am. Compl. ¶ 51.) Everage is the sole member of Defendant Club Stacks Apparel Co LLC ("Club Stacks"), a Nevada limited liability company, whose principal place of business is located only in North Las Vegas, Nevada. (First Am. Compl. ¶¶ 54-55; Everage Decl. ¶ 3.)

On November 6, 2015, Everage filed U.S. Trademark Application Serial No. 86,811,446 (the "Club Stacks Application") with the United States Patent and Trademark Office (the "USPTO"), seeking registration of the CLUB HAGERTY mark in International Class 25 for use in connection with t-shirts. (*See* Declaration of Kevin Everage (the "Everage Decl."), ECF No. 28, ¶ 4.) At the time, Everage was unaware of Plaintiff or its HAGERTY and HAGERTY-formative trademarks. (*Id*. ¶ 5.)

On April 19, 2016, the USPTO published the Club Stacks Application for opposition by interested third parties. (*Id*. ¶ 6.) Plaintiff did not file an opposition proceeding with the Trademark Trial and Appeal Board to oppose registration of the mark.[1] (*Id*.)

On May 28, 2016, Everage obtained a registration for the <clubstacks.com> domain name for Club Stacks while acting in his capacity as its Managing Member. (Everage Decl. ¶ 7.)

---

[1] Plaintiff does, however, claim to have sent a "letter of protest" to the USPTO on August 17, 2017. (First Am. Compl. ¶ 67.)

2

On August 24, 2017, in connection with his first request to Plaintiff's counsel for evidence that Plaintiff is the prior user of the HAGERTY mark in connection with t-shirts, Everage received a link from Plaintiff's counsel to an Internet Archive page purporting to show its use in the 1990s: https://web.archive.org/web/19991003055229/http://www.hagerty.com. (Everage Decl. ¶ 8.) The linked webpage provided no evidence that the HAGERTY mark was used in connection with any clothing items, particularly t-shirts. (*Id.*) There are no references to t-shirts, no images of t-shirts, and no links to other pages selling or depicting t-shirts. (*Id.*) Plaintiff's counsel also stated that "Hagerty has owned and operated an e-commerce store at http://www.theshopbyhagerty.com since as early as May of 2016: https://web.archive.org/web/20160510133450/https://www.theshopbyhagerty.com/." (*Id.*) Everage did not find this argument persuasive because his filing of the Club Stacks Application on November 6, 2015, approximately six (6) months prior to the launch of Plaintiff's e-commerce store, which constitutes constructive use of the CLUB HAGERTY mark, provided that the Club Stacks Application matures into a registration, which it did. (*Id.*)

On October 22, 2017, Everage registered the <clubhagerty.com> domain name for Club Stacks while acting in his capacity as its Managing Member. (Everage Decl. ¶ 9.) He did so while physically present in Nevada. (*Id.*) The <clubstacks.com> and <clubhagerty.com> websites offer t-shirts for sale to any person who can access the websites over the Internet, including t-shirts bearing the words "Club Hagerty." (Everage Decl. ¶ 10.) T

Neither Everage nor Club Stacks have advertised or promoted the <clubstacks.com> or <clubhagerty.com> websites. (Everage Decl. ¶ 11.) As a result, since the websites began offering t-shirts for sale, the websites have collectively sold a total of one (1) t-shirt, generating gross revenues of $22.01 for Club Stacks. (*Id.*) That sale reflects the purchase of a single Club Hagerty t-shirt by Plaintiff's counsel, Mr. John Di Giacomo, on December 18, 2017. (*Id.*)

On February 8, 2018, in connection with Everage's second request to Plaintiff's counsel for evidence that Plaintiff is the prior user of the HAGERTY mark in connection with t-shirts, Everage received a copy of the Declaration of Erin Fedorinshik. (Everage Decl. ¶ 14 & Ex. A.) Everage reviewed the declaration and found it did not demonstrate Plaintiff had acquired prior rights in the HAGERTY mark for use in connection with t-shirts. (*Id*.) Based on Plaintiff's failure to sufficiently demonstrate prior use of the HAGERTY mark in connection with t-shirts, Everage reasonably believed that Club Stacks was the first user of CLUB HAGERTY on t-shirts and that it was lawful for Club Stacks to use its mark on t-shirts. (*Id*.)

On March 6, 2018, the USPTO granted the Club Stacks Application for use of the CLUB HAGERTY mark in connection with t-shirts, and issued U.S. Trademark Registration No. 5,418,691 to Club Stacks. (Everage Decl. ¶ 15 & Ex. B.)

## **PROCEDURAL HISTORY**

This action was filed on January 3, 2018. (ECF No. 1, Compl.) Defendant Club Stacks Apparel Co. ("Club Stacks") was served on January 8, 2018. (ECF No. 9.) Everage waived service and, as a result, had until March 13, 2018 to file an answer or other response to the Complaint. (ECF No. 8.) Club Stacks did timely file an answer or other response to the Complaint. Its default was entered on February 20, 2018. (ECF No. 11.) Everage obtained counsel and received a two-week extension of time to file and serve an answer or other response to the Complaint. (ECF Nos. 13-14.) On March 27, 2018, Everage moved to dismiss the Complaint for lack of personal jurisdiction and Club Stacks moved the Court to set aside its default. (ECF Nos. 15-16.)

Plaintiff filed its First Amended Complaint on April 12, 2018, rendering Everage's motion to dismiss the original Complaint moot. (ECF No. 19.) Accordingly, the Court denied Everage's motion to dismiss the original complaint as moot. (ECF No. 26.)

4

On April 12, 2018, Plaintiff also filed Petition for Cancellation No. 92068376 with the United States Trademark Trial and Appeal Board, seeking to cancel Club Stacks' United States Trademark Registration No. 5,418,691 for the CLUB HAGERTY mark.

On April 26, 2018, Everage moved to dismiss the First Amended Complaint for lack of personal jurisdiction. (ECF No. 27.) On May 22, 2018, the Court granted Club Stacks' motion to set aside its default. (ECF No. 30.) On June 5, 2018, Club Stacks moved to join Everage's motion to dismiss. (ECF No. 32.) On June 13, 2018, the Court granted Club Stacks' motion to join Everage's motion to dismiss and denied the motion to dismiss as to both Everage and Club Stacks. (ECF No. 34.)

## ARGUMENT

**I.   HAGERTY IS NOT ENTITLED TO TRIAL A JURY TRIAL BECAUSE IT HAS DISCLOSED NO ACTUAL OR OTHER DAMAGES AND IN SUBSTANCE SEEKS DISGORGEMENT—AN EQUITABLE REMEDY.**

### A.   The Right to A Jury Trial In Actions At Law

Rule 38(a) of the Federal Rules of Civil Procedure states that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." Fed. R. Civ. P. 38(a). The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. In construing the foregoing provision of the Seventh Amendment, the United States Supreme Court has observed that:

> The right to a jury trial includes more than the common-law forms of action recognized in 1791; the phrase "Suits at common law" refers to "suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered". . . . The right extends to causes of action created by Congress . . . Since the merger of the systems of law and equity, . . . this Court has carefully preserved the right to trial by jury where legal rights are at stake . . . . "'Maintenance of the jury as a fact-finding body is of such importance and

5

occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care . . . .' "

To determine whether a particular action will resolve legal rights, we examine both the nature of the issues involved and the remedy sought.  "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.  Second, we examine the remedy sought and determine whether it is legal or equitable in nature . . . ."  The second inquiry is the more important in our analysis.

*Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564–5, 110 S. Ct. 1339, 108 L.Ed.2d 519 (1990) (citations omitted) (emphasis in original).

### B.     Hagerty Seeks Only Equitable Relief

"Section 1117(a) [of the Lanham Act] grants a district court a great deal of discretion in fashioning an appropriate remedy in cases of trademark infringement."  *Gibson Guitar Corp. v. Paul Reed Smith Guitars, L.P.*, 325 F. Supp. 2d 841, 851 (M.D. Tenn. 2004) (quoting *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1191 (6th Cir. 1997) (citations omitted)).  Section 1117(a) expressly provides for judicial determinations of damages or profits.  The statute states, in most relevant part, the following:

**(a) Profits; damages and costs; attorney fees**

When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. *The **court** shall assess such profits and damages or cause the same to be assessed under its direction*.

In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed . . . *If the **court** shall find that the amount of the recovery based on profits is either inadequate or excessive the **court** may in its discretion enter judgment for such sum as the **court** shall find to be just, according to the circumstances of the case*. Such sum in either of the above circumstances *shall constitute compensation* and not a penalty. *The **court** in exceptional cases may award reasonable attorney fees to the prevailing party*.

6

15 U.S.C. § 1117(a) (emphasis added).

In *Wynn Oil v. American Way Service Corportion*, 943 F.2d 595 (6th Cir. 1991), the Sixth Circuit quoted approvingly a Seventh Circuit decision:

> The Lanham Act specifically provides for the awarding of profits in the discretion of the judge subject only to principles of equity . . . . "The trial court's primary function is to make violations of the Lanham Act unprofitable to the infringing party." Other than general equitable considerations, there is no express requirement that the parties be in direct competition or that the infringer willfully infringe the trade dress to justify an award of profits. Profits are awarded under different rationales including unjust enrichment, deterrence, and compensation.

*Id.* at 606–07 (quoting *Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 941 (7th Cir. 1989), *cert. denied*, 493 U.S. 1075, 110 S. Ct. 1124, 107 L. Ed. 2d 1030 (1990) (citations omitted)).

In its First Amended Complaint, Hagerty seeks: (a) injunctive relief; (b) transfer of the <clubhagerty.com> domain name; (c) cancellation of Club Stacks' trademark registration; (d) "actual damages, lost profits, consequential damages, exemplary damages, statutory damages, and any other damages allowable under law;" and (e) "costs and attorneys' fees."  (First Am. Compl. at PageID.375-376.)

Hagerty states in its Rule 26 disclosures that its "actual damages" are based on "the revenue generated" by Mr. Everage, and that "all" evidence of its actual damages is reflected in "the revenue generated."  (*See* Ex. A (attached hereto) at p. 3.)  (Emphasis added.)  Thus, in substance, Hagerty seeks a determination that Mr. Everage was enriched because of an infringement of a Hagerty trademark and, if so, an award of money ***based on the amount of sales revenue received by Mr. Everage***.  This is in substance a demand for the disgorgement of allegedly ill-gotten gains.

As reflected in *Wynn*, Hagerty's request for damages based on the **$22.01** in revenue received by Mr. Everage (as the result of Hagerty's counsel's purchase of a single CLUB HAGERTY t-shirt) is a request for disgorgement of profits—an equitable remedy.  The Seventh

Amendment right to a jury does not extend to equitable relief.  *Esercizio v. Roberts*, 944 F.2d 1235, 1248 (6th Cir. 1991); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 402, 60 S. Ct. 681, 84 L. Ed. 2d 825 (1940) ("our decisions leave the matter to the appropriate exercise of equity jurisdictions upon an accounting to determine the profits 'which the infringer shall have made from such infringement'").

Because the disgorgement of profits is an equitable remedy, the Seventh Amendment right to a jury trial does not attach.  *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709–11, 119 S. Ct. 1624, 143 L. Ed. 2d 882 (1999) (holding Seventh Amendment does not apply where only equitable relief is sought); *Ferrari S.p.A. v. Roberts*, 944 F.2d 1235, 1248 (6th Cir. 1991) (holding defendant not entitled to jury trial where plaintiff sought disgorgement of profits and injunctive relief); *SPSS, Inc. v. Nie*, No. 08 C 66, 2009 WL 2579232, at *2-3 (N.D. Ill., Aug. 19, 2009) (holding no right to jury trial where plaintiff had not suffered any injury and plaintiff's "entire demand for monetary relief boil[ed] down to the theory that the [defendant] was profiting unjustly from its unauthorized use of trademarks owned by [plaintiff]"); *Gibson Guitar Corp.,* 325 F. Supp. 2d 841 (same); *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 123 F. Supp. 2d 203 (S.D.N.Y. 2000) (plaintiff Cuban cigar company, which was unable to directly compete with defendant in the United States due to embargo, was not entitled to jury trial on trademark infringement claim seeking disgorgement of profits because the claim was equitable); *Am. Cyanamid Co. v. Sterling Drug, Inc*., 649 F. Supp. 784 (D. N.J. 1986) (plaintiff seeking to recover defendant's unjust profits was not entitled to a jury trial because the claim was equitable); *Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. Utah Div. of Travel Dev.*, 955 F. Supp. 598, 605 (E.D. Va. 1997) (trademark-infringement plaintiff was not entitled to a jury trial where it had no evidence of actual damages).

    **C.**    **Hagerty Has Disclosed No Actual Damages and is Not Seeking Legal Relief**

8

Moreover, Hagerty is not seeking legal relief. The general rule is that suits seeking monetary relief are "legal" in nature. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352, 118 S. Ct. 1279, 140 L. Ed. 2d 438 (1998) ("We have recognized the 'general rule' that monetary relief is legal") (quoting *Terry*, 494 U.S. at 570, 110 S. Ct. 1339)). To the extent Hagerty may argue that it seeks "compensation," the notion of "[j]ust compensation . . . differs from equitable restitution and other monetary remedies available in equity, for in determining just compensation, 'the question is what has the owner lost, not what has the taker gained.'" *Monterey v. Del Monte Dunes at Monterey*, 526 U.S. 687, 711, 119 S. Ct. 1624, 1639, 143 L. Ed. 2d 882 (1999) (quoting *Boston Chamber of Commerce v. Boston*, 217 U.S. 189, 195, 30 S. Ct. 459, 54 L. Ed. 725 (1910)). **Here, Hagerty's Rule 26 damages disclosure does not identify any amount of money Hagerty allegedly lost as a result of Mr. Everage's alleged infringement**. (*See* Ex. A.) In other words, Hagerty has disclosed no actual damages whatsoever. Thus, Hagerty's only claim for monetary relief is one based on the $22.01 Mr. Everage received when Hagerty's counsel purchased a single CLUB HAGERTY t-shirt. As set forth above, this is a claim for equitable relief in the form of disgorgement of profits.[2]

### D.   Hagerty's Request for Statutory Damages Does Not entitle it to a Jury Trial

To the extent Hagerty seeks statutory damages for trademark infringement under 15 U.S.C. § 1117(a) the Lanham Act only provides for such damages in trademark counterfeiting cases. Here, however, Hagerty cannot prevail on a counterfeiting claim. This is because, to be actionable, a purportedly counterfeit mark must be "identical with" or "substantially

---

[2] Mr. Everage, however, has not realized any profits at all. He has incurred several expenses in connection with setting up his websites and preparing to sell CLUB HAGERTY t-shirts. It is a matter of public record that he spent $225 to register the CLUB HAGERTY mark. *See* https://www.uspto.gov/trademark/fees-payment-information/overview-trademark-fees ($225 fee for TEAS plus application). This expense alone was more than ten (10) times the amount of revenue he received from the single **$22.01** sale he made to Hagerty's counsel. There simply are no *profits* to disgorge.

indistinguishable from" the registered trademark. 15 U.S.C. § 1116(d)(1)(B); *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1192 (6th Cir. 1997). Because Mr. Everage's CLUB HAGERTY mark is not "identical with" or "substantially indistinguishable from" Hagerty's HAGERTY trademark, Hagerty cannot prevail on a trademark counterfeiting claim and, therefore, cannot recover statutory damages.

Similarly, Hagerty is not entitled to a jury trial on its claim for statutory damages under the Anti-Cybersquatting Consumer Protection Act (the "ACPA"). Under the ACPA, the court may award "statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the ***court*** considers just." 15 U.S.C. § 1117(d). (Emphasis added.) Assuming, solely for purposes of argument, that liability on this claim was established, there would be no reason for the Court to impose any more than the minimum amount of statutory damages (*i.e.*, $1,000). This is true for at least a few reasons. First, there will be no evidence at trial showing or tending to show that Mr. Everage intended to trade off of Hagerty's good will. Rather, the evidence will show that Mr. Everage's adoption of CLUB HAGERTY was intended to help him sell t-shirts to students who study late at Drexel University's "Hagerty" library, and who refer to themselves as "Club Hagerty." Second, to date, Mr. Everage has made only one (1) sale of a single CLUB HAGERTY t-shirt, and the purchaser of that t-shirt was Hagerty's counsel, Mr. John Di Giacomo, who paid $22.01 of the t-shirt. While the Sixth Circuit has not addressed the issue, the Ninth Circuit has held that "there is no right to a jury trial when a judge awards the minimum statutory damages." *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011); *see also Two Plus Two Pub., LLC v. Jacknames.com*, 572 Fed. App'x 466, 467 (9th Cir. 2014) (holding, "[t]he district court did not err in calculating statutory damages rather than holding a jury trial on that issue because the ACPA allows for statutory damages between $1,000 and $100,000, 'as the court considers just.'").

### E.   None of Hagerty's Remaining Requests entitle it to a Jury Trial

#### i.   Treble Damages

Hagerty is not entitled to a jury trial on its request for treble damages. In Section 1117(a) of the Lanham Act, Congress left the decision to treble damages to the Court. "In assessing damages the **_Court_** may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." *Id*. (Emphasis added.) In *U.S. Structures*, the Sixth Circuit affirmed a district court's order awarding four times actual damages. 130 F.3d at 1191–92. Accordingly, Hagerty is not entitled to a jury trial on its claim for treble damages.

#### ii.   Attorneys' Fees and Costs

Hagerty is not entitled to a jury trial on its claim for attorneys' fees and costs. *Emmpresa*, 123 F. Supp. 2d at 211 ("a claim for attorneys' fees and costs under the Lanham Act does not entitle a party to a trial by jury").

#### iii.   Transfer of the <clubhagerty.com> Domain Name

Hagerty is not entitled to a jury trial on its request for transfer of the <clubhagerty.com> domain name. *See Royal Caribbean Cruises, Ltd. v. royalcaribean.com*, No. 3:15-cv-381-J-25MCR, 2016 WL 8943172, at *10 (M.D. Fla. Mar. 29, 2016) ("Importantly, as Plaintiff's suit is a civil claim in equity in which the available remedies are limited to 'a court order for the forfeiture or cancellation of the domain name or the transfer of the domain name to Plaintiff,' U.S.C. § 1125(d)(2)(D)(i), there is no right to a jury trial and the Court is the finder of fact.").

#### iv.   Cancellation of Mr. Everage's Trademark Registration

Hagerty is not entitled to a jury trial on its request for cancellation of Mr. Everage's trademark registration for the CLUB HAGERTY mark—another equitable remedy. *See Emmpresa*, 123 F. Supp. 2d at 209 ("A claim for cancellation of a trademark registration

11

pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, is equitable in nature and does not give rise to a jury trial right").

### vi. *Exemplary Damages*

Hagerty is not entitled to a jury trial on the issue of exemplary or punitive damages. Indeed, the Lanham Act does not even provide for exemplary or punitive damages as a remedy for infringement of federally registered marks. It expressly states that damages "shall constitute compensation and not a penalty." 15 U.S.C. § 1117(a). Federal courts have uniformly interpreted this provision to mean that exemplary or punitive damages are unavailable under the Lanham Act. *See e.g. Getty Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103, 112 (2d Cir. 1988).

### v. *Consequential Damages*

Finally, Hagerty is not entitled to a jury trial on its claim for consequential damages. Hagerty has not alleged or otherwise identified or disclosed any legal basis under which it would be entitled to an award of consequential damages. Nor has Hagerty identified any consequential damages suffered in its Rule 26 disclosures. (*See* Ex. A.) Absent such legal and factual bases for this claim, Hagerty is certainly not entitled to a jury trial on this category of damages.

## CONCLUSION

As set forth above, the Court should conclude Hagerty is not entitled to a jury trial.

Dated: this 1st day of November, 2018.

HOWARD & HOWARD ATTORNEYS PLLC

By:     s/ Jonathan W. Fountain
Daniel H. Bliss
Jonathan W. Fountain
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on November 1, 2018, I caused the foregoing document to be filed with the Clerk of the Court via the CM/ECF system, which will cause notice of same to be sent to all counsel of record.

By:   s/ Jonathan W. Fountain
Daniel H. Bliss (P40129)
Jonathan W. Fountain (P63899)
Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169

*Attorneys for Defendants*

4837-6459-7369, v. 1

# Exhibit A

Exhibit A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

THE HAGERTY GROUP, LLC,
a Delaware limited liability company,

    Plaintiff,

        v.

KEVIN EVERAGE, an individual, and
CLUB STACKS APPAREL CO, LLC,
a Nevada limited liability company,

    Defendants.

Case No.: 1:18-cv-00006-GJQ-RSK

_____

**PLAINTIFF THE HAGERTY GROUP, LLC'S INITIAL DISCLOSURES**

Now comes Plaintiff, The Hagerty Group, LLC ("Hagerty"), and for its initial disclosures pursuant to Fed. R. Civ. P. 26 states as follows:

Fed. R. Civ. P. 26(a)(1)(A)(i):

1. Individuals likely to have discoverable information:

    a. Erin Feorinchik, The Hagerty Group, LLC, Brand Experience Coordinator, 141 River's Edge Drive., Suite 200, Traverse City, Michigan 49684, (877) 922-9701;

        i. Likely to have information concerning:

            1. The Plaintiff's marks;

            2. The goods and services to which Plaintiff's marks have been applied;

            3. The history and operation of Plaintiff's business; and

            4. The amount of Plaintiff's advertising expenditures.

1

    b. Kory Felker, The Hagerty Group, LLC, Vice President of Brand Communications, 141 River's Edge Drive, Suite 200, Traverse City, Michigan 49684, (877) 922-9701;

        1. The Plaintiff's marks;

        2. The goods and services to which Plaintiff's marks have been applied;

        3. The history and operation of Plaintiff's business; and

        4. The amount of Plaintiff's advertising expenditures.

Fed. R. Civ. P. 26(a)(1)(A)(ii):

2. Copies of all documents, electronically stored information, and tangible things:

    a. The following documents are currently in Plaintiff's possession, custody, or control:

        i. Documents that demonstrate the first use date of Plaintiff's marks;

        ii. Documents that demonstrate the extent of Plaintiff's use of its marks;

        iii. Documents that demonstrate Plaintiff's registration of its marks throughout the world;

        iv. Documents that show Plaintiff's registration and use of <Hagerty.com>;

        v. Documents that show Plaintiff's promotion and advertising of its marks;

        vi. Documents that show Plaintiff's use of its marks;

        vii. Documents depicting the manner in which Defendants have used CLUB HAGERTY;

        viii. Documents depicting the manner in which Defendants have registered, used, and trafficked in the <clubhagerty.com> domain name.

Fed. R. Civ. P. 26(a)(1)(C):

3. Computation of damages:

   a. Plaintiff seeks to recover, at its election prior to trial, either actual damages and defendant's profits, treble damages, or statutory damages in the amount of up to $2,000,000 under the Lanham Act pursuant to 15 U.S.C. § 1117;

   b. Plaintiff also seeks to recover, at its election prior to trial, either actual damages and Defendant's profits, treble damages, or statutory damages in the amount of up to $100,000 per domain name under the Anticybersquatting Consumer Protection Act pursuant to 15 U.S.C. § 1117(d).

   c. Additionally, Plaintiff seeks to recover its actual damages, lost profits, consequential damages, exemplary damages, statutory damages, and any other damages allowable under law. ==Since Defendants are currently in possession of all evidence demonstrating the revenue generated, Plaintiff cannot calculate its actual damages with reasonable certainty at this time==.

Respectfully submitted,

Date: October 5, 2018                    THE HAGERTY GROUP, LLC

/s/ John Di Giacomo
John Di Giacomo
Eric Misterovich
Amanda Osorio
*Attorneys for Plaintiff*
Revision Legal, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Fax: (231) 714-0200
john@revisionlegal.com
eric@revisionlegal.com
amanda@revisionlegal.com

3

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2018, I caused a true and accurate copy of the foregoing document to be electronically served on all counsel of record.

/s/ John Di Giacomo
John Di Giacomo
*Attorney for Plaintiff*
Revision Legal, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Fax: (231) 714-0200
john@revisionlegal.com